This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38892**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TAMMY MCCOY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mark A. Peralta-Silva, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant has appealed following the revocation of her probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     In her docketing statement Defendant contended that the evidence was insufficient to establish a violation, and that the district court erred in declining to impose

a STePS sanction. [DS 4] Defendant renews both of these arguments in her memorandum in opposition. [MIO 7-15]

{3}     Relative to the sufficiency of the evidence, the terms of Defendant's probation required her to actively participate in and successfully complete any level of supervision and/or treatment program deemed appropriate by her probation officer.  [MIO 4, 13; RP 98] The State presented evidence that Defendant was ordered to participate in and successfully complete the New Mexico Women's Recovery Academy (NMWRA) program, [RP 100-101] and as we previously observed, [CN 2] the State presented evidence that Defendant was unsuccessfully discharged from that program as a result of misconduct. [MIO 4, 13-14; RP 106-108, 146-47] This is sufficient to establish a violation. *See, e.g.*, *State v. Guthrie*, 2011-NMSC-014, ¶¶ 46-49, 150 N.M. 84, 257 P.3d 904 (observing that "the key evidentiary fact" of the defendant's non-compliance with residential treatment, "an objective, negative, and rather routine fact[,]" was "established to a reasonable degree of certainty by a written statement from the treatment center[,]" noting that the introduction of this evidence through the testimony of a probation officer was permissible, and ultimately holding that this was sufficient to support revocation of the defendant's probation). We therefore reject the assertion of error.

{4}     Relative to the sanction imposed, the district court was vested with broad discretion, and its election to revoke Defendant's probation was both statutorily authorized and well within its discretion. *See* NMSA 1978, § 31-21-15(B) (2016) ("If [a probation] violation is established, the court may . . . revoke the probation and . . . require the probationer to serve the balance of the sentence imposed or any lesser sentence."); *State v. Rivera*, 2004-NMSC-001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (observing that the courts are vested with "broad discretion to sentence defendants to probationary terms and strictly monitor their compliance"); *State v. Dinapoli*, 2015-NMCA-066, ¶ 8, 350 P.3d 1259 ("We review the district court's revocation of probation under an abuse of discretion standard. . . . A court has the authority to revoke probation for a probation violation because rehabilitation is not occurring.").

{5}     Defendant focuses heavily on the fact that she had previously participated in the STePS program, and been sanctioned accordingly. [MIO 1-12] However, that was in relation to a prior period of probation associated with a distinct criminal matter, and that prior probationary period had expired. [MIO 2-4, 8-9] In relation to the instant criminal matter Defendant entered a separate probation agreement, which did not entail participation in the STePS program. [MIO 4; RP 98-99] It was Defendant's violation of the terms and conditions of that probation agreement which resulted in the revocation of her probation. Given the clarity of these matters, we decline Defendant's invitation to conflate separate, successive probationary periods which were subject to different terms and conditions. We therefore reject Defendant's suggestion that she was entitled, as a matter of due process or otherwise, to the imposition of a lesser STePS sanction.

{6}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{7}** IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**